```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,           : 14 Cr. 261 (KPF)

        -v-                         :

RODNEY SPRATLEY,                    :

                Defendant.          :

------------------------------------X
```

RODNEY SPRATLEY'S SENTENCING MEMORANDUM

```
                        DAVID E. PATTON
                        Federal Defenders of New York, Inc.
                        Attorney for Defendant
                          Rodney Spratley
                        52 Duane Street, 10th Floor
                        New York, New York 10007
                        Tel.: (212) 417-8780
```

ANNALISA MIRÓN,
  Of Counsel

TO:   PREET BHARARA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

      Attn.: MARGARET S. GRAHAM, ESQ.
             Assistant United States Attorney
             Southern District of New York

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 17, 2014

**BY ECF AND E-MAIL**
Honorable Katherine P. Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **United States v. Rodney Spratley**
      **14 Cr. 261 (KPF)**

Dear Judge Failla:

I write on behalf of my client, Rodney Spratley in preparation for his sentencing scheduled for December 1, 2014. Mr. Spratley entered a plea of guilty on July 10, 2014 to one count of unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g), without the benefit of a plea agreement. The Presentence Report (PSR) calculates the applicable guidelines range to be 57-71 months of incarceration. As explained *infra* section II, this guidelines range may be based on an inaccurate offense level. Even if the Court finds it to be the appropriate range, Mr. Spratley's personal background and circumstances - in particular his traumatic childhood, need for mental health treatment, efforts to be loving partner to his disabled fiancée and caring father to his children, as well as his enormous potential to achieve more with his life - demonstrate that twenty-four months in prison followed by two years of supervised release is "sufficient but not greater than necessary" to meet the sentencing objectives in this case.

*Introductory principles*

When imposing sentence, the Court is required to consider all of the factors set forth in 18 U.S.C. § 3553(a) and determine the appropriate sentence in each individual case. *See United States v. Booker*, 543 U.S. 220 (2005); *see also United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006). The Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) sets out those purposes:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and

1

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

To arrive at a correct sentence, the Court is further directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentence and the sentencing range established in the sentencing guidelines; (4) policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(3)-(7).

I. <u>Mr. Spratley's personal circumstances demonstrate that a twenty-four month term of incarceration would be sufficient.</u>

Rodney Spratley is a thirty-four year-old father, partner, son, and brother. His childhood was marred with several traumatic events that have had a lasting impact on him, an impact that he is only now beginning to recognize. Since his arrest on this case, he has taken significant steps towards addressing these longstanding effects and their effect on his behavior, and looks forward to demonstrating his potential of living a law-abiding and productive life in the community.

*Mr. Spratley traumatic childhood*

Mr. Spratley was born in 1982 to Tanya Spratley and Curtis Felton. PSR ¶ 41. His father separated from Tanya Spratley shortly after Mr. Spratley's birth and was incarcerated for the majority of Mr. Spratley's childhood.

Mr. Spratley has four siblings and is the middle child of the family. He grew up feeling like the "odd one out" because of the ages of his younger and older siblings. *See* Tanya Spratley Letter, attached as Exhibit D. He felt like he was treated differently than his siblings who shared a different father, Damon Caines. Report of Dr. Elizabeth Owen, attached as Exhibit B at 2 (filed under seal). While Mr. Spratley's father was absent from his life, Mr. Spratley believed that Mr. Caines was able to provide for his children financially. *Id.* Mr. Spratley therefore felt like his mother and stepfather favored Mr. Spratley's younger siblings, and "always felt like he didn't get enough attention and love." Dr. Owen report, Exh. B.

Beyond the difficulties of being the "odd one out," Mr. Spratley had to cope with more than a child can bear. He lost his biological father to incarceration, he lost his stepfather to drug addiction, *see* Damon Caines Letter, attached as Exhibit E, and was repeatedly victimized by his uncle, *see* Exhibit B (redacted from public filing). Moreover, economically, Mr. Spratley had to make do with what he could, whether it be in the shelter system or elsewhere. Tanya Spratley wonders whether if she "hadn't moved in the shelter system, maybe I wouldn't have lost my son to the bad elements that we were surrounded by."

Given the violent neighborhoods in which Mr. Spratley was raised, *see* Exh B at 2, it is

2

not a surprise that at the tender age of seventeen, Mr. Spratley himself became involved in selling drugs. By age nineteen, he possessed a gun and was sent to jail for one year. By age twenty, he committed a serious offense, and was sentenced to eight years of prison. Because of this lengthy sentence imposed at age twenty, Mr. Spratley essentially became an adult in a New York State prison.

*Coping with his past*

Serving an eight year prison term would have been the time to reflect on his childhood and on his future, and determine how he wished to live a better life. However, the conditions of incarceration and parole conditions in New York State are not conducive to that sort of self-development. While he availed himself of the opportunity to attain his General Equivalency Diploma in 2007, he did not have the benefit of mental health counseling or services that would help him cope with the trauma he experienced and inflicted. It is only since his arrest on this case that he has begun to experience the benefits - for himself and society - of mental health treatment.

There were early signs that Mr. Spratley needed mental health treatment to cope with the stressors in his life. Around seventeen years of age, he suffered a "nervous breakdown," PSR ¶ 53. His mother explains that both she and Mr. Spratley felt overwhelmed with depression and anger, and that she brought him to a psychiatric hospital to get treatment. Exh. B at 4. According to Ms. Spratley, Mr. Spratley "caused such a ruckus" that she felt like she had to remove him from the hospital even though the attendees wanted to admit him. *Id.* Needless to say, Mr. Spratley never got the treatment he very much needed.

During the pre-sentence interview in this case, Probation Officer Jemmard Thomas suggested to Mr. Spratley that maybe he should agree to see a counselor to deal with his frustrations from the past. Following that interview, Mr. Spratley opened up to the idea of seeing a psychologist who might help him process the feelings of resentment and depression that he sometimes experiences. Eventually, he agreed to such an evaluation, and met with Dr. Elizabeth Owen on six occasions at the Metropolitan Detention Center.

As evident in the contents of her report, Dr. Owen diagnosed Mr. Spratley with Post-traumatic Stress Disorder and Depressive Disorders, among other conditions. Exh. B at 9. Notably, Dr. Owen's testing indicates that Mr. Spratley "is very much aware of his need for treatment and is interested in addressing his psychological issues." *Id.* at 4. She therefore writes that while he is incarcerated Mr. Spratley "would benefit from a supportive therapeutic relationship – one with no demands made on him." *Id.* at 7. More importantly, she believes that he is well on the way to accepting treatment, and that "any reduction in his sentence will keep him closer to the gains he has already made." *Id.* at 8. As explained *infra* Section III, Mr. Spratley has enormous potential to be a law-abiding and contributing member of society; mental health treatment through supervised release will allow him to realize that goal. *See* Rodney Spratley Letter, attached as Exhibit A ("I've been seeing a Doctor which has helped me to better my plans and myself for when I'm home.").

II. **Regardless of whether Mr. Spratley's 2010 conviction qualifies under U.S.S.G. § 2k2.1(a)(2) and 4B1.2(b), twenty-four months of incarceration would be sufficient but not greater than necessary.**

The government and the probation office calculate Mr. Spratley's offense level as 24 by taking into account two prior convictions, one in 2003 (PSR ¶ 33) and the other in 2010 (PSR ¶ 34). Mr. Spratley concurs that his 2003 conviction qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). However, the government has not yet carried its burden of establishing that Mr. Spratley's 2010 conviction was for a "controlled substance offense" within the meaning of 4B1.2(b). Specifically, Mr. Spratley was convicted of "Attempted Possession of a Controlled Substance in the Fifth Degree," in violation of New York Penal Law section 110/220.06. PSR ¶ 34. Penal Law section 220.06 has several subsections, one for "possession with intent to distribute" in violation of subsection 1 and other subsections for possessing particular quantities of drugs, without the intent to distribute. New York Penal Law §§ 220.06(1), (2)-(6). Based on my review of the "rap sheet" and the "crims" database, I have been unable to determine the subsection to which Mr. Spratley pleaded guilty. If the government is unable to carry its burden of showing the applicability of the sentencing enhancement, *see United States v. Green*, 480 F.3d 627, 635 (2d Cir. 2007), the proper offense level will be 17, which corresponds to an advisory range of 37 to 46 months in prison.

Regardless of the advisory guidelines range, the circumstances of possession here do not warrant a sentence above twenty-four months in prison. That the weapon was loaded and discarded were elements present in the sentencing of Steven Mitchell by this Court to fifteen months of incarceration despite his criminal history category of V. *United States v. Steven Mitchell*, 13 Cr. 752 (KPF). Those circumstances were also present in *United States v. Desmond Smith*, 13 Cr. 396 (Apr. 7, 2014), where the defendant was in criminal history category VI, Judge Schofield sentenced him to a term of thirty-six months in prison, to be followed by three years of supervised release. This Court should impose a sentence of twenty-four months to avoid unwarranted disparities in sentencing. 18 U.S.C. § 3553(a)(5).

III. **A shorter term of incarceration followed by mental health treatment would allow Mr. Spratley to realize his potential.**

As evident the attached exhibits, Rodney Spratley is an extremely bright young man who will be an incredible asset to society when given the right skills and opportunities. For example, in light of the breadth and quality of books Mr. Spratley reads and enjoys, Dr. Owen would like it if he were a participant in her book group.[1] Exh B at 3. On a different level, Mr. Spratley's stepfather, Damon Caines, explains that Mr. Spratley helped him deal with his drug addiction

---

[1] Despite his haphazard education, Mr. Spratley is well versed in literature because he truly enjoys it. Since his incarceration at Metropolitan Detention Center, among Mr. Spratley's many book requests was a request for a dictionary. A staff member at the Federal Defenders office donated an old one. He reads it daily to learn new words.

4

and PTSD, once walking from the Bronx to Manhattan to take care of him. Exh. E. His brothers, Darrell and Donald, attribute their success to Rodney Spratley's consistent encouragement of them to continue their education. Donald Spratley and Darrell Spratley Letters, attached as Exhibits F and G. Finally, before his arrest, Mr. Spratley was working with his uncle, Rodney Spratley, doing commercial cleaning. Exh. B at 3. His uncle will hire him back once he is released from prison. *Id.*

Most importantly, Mr. Spratley has been a constant source of support for his fiancée, Sheena Rivas, and his children. Ms. Rivas has been struggling with a benign brain tumor, which was discovered when she was pregnant with their child. Sheena Rivas Letter, attached as Exhibit C (requested filing under seal). As soon as Mr. Spratley found out about her condition, he moved in with her. She writes that Mr. Spratley attended all of her neurologist appointments, and was glued to her side at all times. *Id.* Even though he was working almost every day, he would come home from work early to be with her. *Id.* Sadly, as she explains in her letter, they lost one of their twins while Mr. Spratley was incarcerated. As Ms. Rivas writes, she and her family need Mr. Spratley at home.

IV.   Conclusion

In conclusion, an individualized assessment of the § 3553(a) factors and the facts presented by Mr. Spratley's case indicates that the sentence recommended by the guidelines is far greater than necessary to achieve the statutory sentencing objectives. In light of Mr. Spratley's difficult upbringing, his sincere efforts towards rehabilitation, as well as his commitment to his fiancée and children, twenty-four months of incarceration would be sufficient but not greater than necessary to achieve the relevant sentencing goals.

Respectfully submitted,

Annalisa Mirón
Attorney for **Rodney Spratley**
212-417-8780

cc:   Margaret Graham, Esq.
      Assistant United States Attorney (by e-mail)

      Rodney Spratley
      Metropolitan Detention Center

5