

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2014

**BY ECF**

The Honorable Katherine Polk Failla
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:    <u>United States</u> v. <u>Rodney Spratley</u>, 14 Cr. 261 (KPF)

Dear Judge Failla:

       The defendant is scheduled to be sentenced on December 1, 2014, for possession of a firearm as a convicted felon. The Government submits this letter in advance of this sentencing and respectfully submits that a sentence within the Guidelines range of 57 to 71 months' imprisonment would be fair and appropriate.

**Background**

**A. The Indictment**

       Count One of the Indictment in this case charges the defendant with possessing ammunition as a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). (Presentence Investigation Report ("PSR") ¶ 1.) On July 10, 2014, the defendant pled guilty to the Indictment before Your Honor, pursuant to a <u>Pimentel</u> letter dated May 2, 2014. (*Id.* ¶¶ 2-3.)

**B. The Offense**

       On or about March 3, 2014, officers responding to a police transmission of two men in black clothing with a gun at an apartment building in the Bronx encountered the defendant and two co-conspirators in front of the building. The defendant fled from the officers, first in a car and then by foot, eventually throwing a gun as he ran down the sidewalk on foot, pursued by one of the officers. The officers recovered the gun and arrested the defendant without further incident.

### C.  The Defendant's Criminal History

As stated in the October 1, 2014 PSR, and consistent with the May 2, 2014 Pimentel letter, the defendant has a total of eight criminal history points, placing him in Criminal History Category IV.  (*Id.* ¶ 37.)  This reflects a 1999 attempted criminal sale of a controlled substance, when the defendant was 17 years old; a 2002 conviction for criminal possession of a loaded firearm; a 2003 conviction for robbery in the first degree and attempted murder; and a 2010 attempted criminal possession of a controlled substance conviction.  (*Id.* ¶¶ 31-34.)  The defendant also received two criminal history points because he committed the instant offense while on parole from his 2010 conviction.  (*Id.* ¶ 36.)

### D.  The Guidelines Calculation

The base offense level is 24, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Section 2K2.1(a)(2), because the defendant committed the instant offense after sustaining two felony convictions for a crime of violence of a controlled substance offense.[1]  (*Id.* ¶ 20.)  Three levels are subtracted for the defendant's acceptance of responsibility, yielding a total offense level of 21.  (*Id.* ¶ 29.)

The total Guidelines offense level of 21 and Criminal History Category of IV yields a Guidelines range of 57 to 71 months' imprisonment.  (*Id.* ¶ 63.)

### Discussion

The relevant sentencing factors, as set forth in Title 18, United States Code, Section 3553(a), argue in favor of a Guidelines sentence here.

In October 1999, at the age of 19, the defendant was arrested for attempted criminal sale of a controlled substance.  In December 1999, after a plea of guilty as a youthful offender, the defendant received five years' probation.  While on this term of probation, the defendant struck an individual in the head with a glass bottle in April 2002.  When arrested, he gave the name "Rodney Felton."  The defendant pleaded guilty to criminal possession of a loaded firearm in May 2002, and in September 2004 was sentenced to one year of imprisonment. While his sentencing was pending on this 2002 arrest, the defendant shot an individual in the abdomen while robbing him at gunpoint in May 2003.  The defendant was arrested for attempted murder and robbery in the first degree, and again gave the name "Rodney Felton."  In September

---

[1] The defendant argues that the Government has not met its burden of proving that the 2010 conviction was a controlled substance offense, under Section 4B1.2(b).  (Def. Mem. 4.)  The Government is in the process of obtaining the underlying records, which it hopes to have for the Court by the sentencing on December 1, 2014.

2003, the defendant pleaded guilty to attempted murder, and was sentenced to 8 years' imprisonment in September 2004.

The defendant was released to parole in February 2010, and just six weeks later, while on parole, was arrested for criminal possession of a controlled substance. The defendant pleaded guilty to attempted criminal possession of a controlled substance in January 2011, and was sentenced to two years' imprisonment. The defendant was released to parole in December 2012, with a maximum expiration date of April 2015. Fourteen months later, and while still on parole from this 2010 conviction, the defendant committed the instant offense.

In summary, over the past twelve years, since the defendant's adult criminal history began, the defendant has committed four crimes, including the instant offense. This is especially remarkable given that the defendant has been incarcerated for 104 of these 144 months.[2] Also remarkable is the fact that during the 40 months in the past twelve years that the defendant has been at liberty, he has committed three crimes while a prior criminal case was pending, or while on parole from a prior conviction. As noted by the PSR, the defendant has been reluctant to correct his unlawful behavior, and has not been deterred from committing crime, including crimes of violence, by prior legal sanctions.

The dangerous nature of the instant offense should have been obvious to the defendant from his 2003 robbery that escalated into gun violence, and ended with the defendant shooting a victim in the abdomen with a 9 millimeter handgun. Had events unfolded differently on March 3, 2014, the result could easily have been further victims of gun violence. The defendant's extensive criminal history, his insistence on committing crimes while on parole, and the dangerous nature of the instant offense make a Guidelines sentence appropriate to reflect the seriousness of the defendant's offense and to deter him from future criminal conduct.

---

[2] The defendant appears to have been in custody from May 2003 to February 2010 and January 2011 to December 2012.

## Conclusion

For the reasons set forth above, and consistent with the Probation Department's recommendation, the defendant should be sentenced to a Guidelines term of 57 to 71 months' imprisonment.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   \_\_/s/_____
Margaret Graham
Assistant United States Attorney
(212) 637-2923

cc:  Annalisa Miron, Esq. (by ECF)